UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward Leon Rogers, # 278510,<br>aka Hayward L. Rogers<br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Marta M. Valentino, West Columbia Police Department;<br>Jason Amodio, West Columbia Police Department;<br>Wendy Frazier, West Columbia Police Department;<br>Donald V. Myers, Eleventh Circuit Solicitors Office et al.<br>　　　　　　　　　　Defendants. | C/A No. 8:08-4090-MBS-BHH<br><br>Report and Recommendation |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff asserts, as he has in at least fifteen previous unsuccessful cases filed in this Court, numerous constitutional violations in connection with his 2001 Lexington County convictions and life sentences. A recommendation that a pre-filing review injunction with respect to habeas petitions relative to these convictions is currently pending review before the district judge. *See Rogers v. Rushton*, C/A No. 8:08-2883-MBS-BHH. Plaintiff acknowledges his struck-out status, see 28 U.S.C. § 1915(g), but claims that this case falls within an exception to the three-strikes rule. He asserts that he is in imminent danger of physical harm resulting from his allegedly illegal confinement because he is allegedly housed with a "racist" and given "inadequate food" while in the custody of the South Carolina Department of Corrections (SCDC). Although it is questionable whether or not such allegations are sufficient to satisfy the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

imminent danger exception to the three-strikes rule, assuming without deciding that they are due to the liberal construction rules for *pro se* filings, this case is still subject to summary dismissal.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is clear that this prisoner is struck out pursuant to 28 U.S.C. § 1915(g) [the Prison Litigation

2

Reform Act].[2]  It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 1997, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: *Rogers v. Eleventh Circuit Solicitor's Office*, C/A No. 9:00-783; *Rogers v. Eleventh Circuit Solicitor's Office*, C/A No. 9:00-1365; *Rogers v. McMaster*, C/A No. 8:04-690; *Rogers v. Hendricks*, C/A No. 6:04-22428, and *Rogers v. West Columbia*, C/A No. 8:06-3058.  The "three-strikes rule" is a Congressional enactment that applies nationwide.  It is not a judicially-created rule.  By enacting the statute in which the rule was established, Congress determined that, except under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation.  *See* 28 U.S.C. § 1915(g); *Green v. Nottingham*, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); *cf. In re Sargent*, 136 F.3d 349 (4th Cir. 1998).

The limited exception to this bar is where "the prisoner is under imminent danger of serious physical injury."  Obviously being aware of the potential three-strikes bar to his claims, as stated earlier, Plaintiff includes allegations in his Complaint to the effect that he is being housed with a "racist" and is being denied adequate food while in SCDC custody serving the sentences for the convictions of which he complains.  Assuming, without deciding, that such allegations are facially

---

[2]28 U.S.C. § 1915(g) provides:

> (g) in no event shall a prisoner bring *a civil action* or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

sufficient to set forth a claim that he is "under imminent danger of serious physical injury" as required under 28 U.S.C. § 1915(g) under the required liberal construction of *pro se* pleadings, it is nevertheless clear that, regardless of Plaintiff's struck-out status, the remaining allegations in the Complaint fail to state a viable federal cause of action and this case is subject to summary dismissal as frivolous. 28 U.S.C. § 1915A(b)(1).

As he has been previously informed in several of his previous attempts to assert constitutional claims regarding his criminal convictions and sentences, *see* C/A Nos. 9:00-783; 8:04-690; 8:06-3058, Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[3] the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

4

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases, *Wallace v. Kato*, 549 U.S. 384 (2007). The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. at 1097-98; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). However, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls.

Since Plaintiff has not been successful in having his Lexington County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants because of their involvement in his prosecution and ultimate conviction. *See Johnson v. Freeburn*, 29 Fed.Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought). As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process. Furthermore, as Plaintiff was recently advised in a Report and

5

Recommendation filed in one of his many duplicative habeas corpus cases, C/A No. 8:08-2883, his "continuing filing of frivolous or otherwise improper lawsuits" such as the one under consideration in this case could result in the imposition of "monetary sanctions against him. . . ."

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this frivolous case be considered a fifth strike against Plaintiff. 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

    s/Bruce Howe Hendricks
    United States Magistrate Judge

January 6, 2009
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).