IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hayward Leon Rogers, #278510, a/k/a Hayward L. Rogers, | ) ) ) | C/A No. 8:08-4090-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Marta M. Valentino, West Columbia Police Department; Jason Amodio, West Columbia Police Department; Wendy Frazier, West Columbia Police Department; Donald V. Myers, Eleventh Circuit Solicitors Office, et al., | ) ) ) ) ) ) ) | **O R D E R** |
| Defendants. | ) ) | |
|_____| ) | |

  Plaintiff Hayward Leon Rogers is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, appearing pro se, filed the within action on December 31, 2008, alleging that his constitutional rights have been violated in various respects. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996. On January 6, 2009, the Magistrate Judge issued a Report and Recommendation in which she noted that Plaintiff previously has been "struck out" pursuant to 28 U.S.C. § 1915(g) because he previously has filed more than three frivolous cases in this court since 1997. Nevertheless, the Magistrate Judge reviewed the allegations of the complaint and found that they are barred by Heck v. Humphrey, 512 U.S. 477 (1997) (prohibiting recovery for damages under § 1983 for allegedly unconstitutional conviction, absent proof that conviction has been invalidated).

According, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without issuance and service process. The Magistrate Judge further recommended that the within action be considered a fifth "strike" against Plaintiff. See 28 U.S.C. § 1915(g). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process. The within action is deemed a "strike" pursuant to § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 13, 2009

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**